Would the attorneys who are going to argue this case please approach the podium, identify yourselves and the party you represent and indicate how much time you would like to argue your case. The microphone in front of you is for recording purposes, not for amplification. So if you want to be heard in the back of the court, we're going to have to speak up. Good morning, I'm Michael Gunsberg for the plaintiff. Your Honor, I would ask for 15 minutes. I'll get 15 minutes. I'd like to reserve 5 minutes for rebuttal. Very well. Gerard Boehm on behalf of Rush Oak Park Hospital and Dr. Colo. How much time would you like? 15 minutes at most, Your Honor. Very well. Mr. Gunsberg. May it please the court, counsel. Your Honor, this is an appeal involving an abuse of discretion by the circuit court with regard to two orders that were entered. The first being an order that was entered on November 29th of 2016 where the circuit judge denied plaintiff's motion for an extension of time to file a 2-622 report and affidavit. And then subsequently on February 10th, 2017, after the plaintiff filed a motion for reconsideration, tendering an appropriate 2-622 report and affidavit when the court denied leave to file the same. Are we correct that there are no transcripts of either of those proceedings? That's correct, Your Honor. And no bystanders report either? That's correct, Your Honor. So the law is well settled with regard to Section 2-622 of the Illinois Code of Civil Procedure that the purpose of the statute is to prevent the filing of frivolous lawsuits. It's a pleading requirement. It's not intended to provide a substantive defense to bar plaintiffs from pursuing their actions. It's simply to prevent the filing of frivolous lawsuits, and there have been many cases which I cited and I believe the defense cited as well in that regard. And pursuant to the cases that I've cited, the plaintiff in a medical negligence action should be allowed every reasonable opportunity to establish his or her case. And the 2-622 statute is supposed to be liberally construed and not mechanically applied to deprive the plaintiff of his or her substantive rights. In this instance, the plaintiff had filed an amended complaint naming Drs. Kobo, Rochelle Park Physicians Group, as defendants. And during, after the amended complaint was filed, I had been with the firm of Susan Loggins and Associates. And with the preoccupy that this entire thing fell into place, I would hold that thus, her case would remain and not be delivered. So this is, excuse me,胆ou're telling us now isn't really not in the record until you get to the motion to reconsider, though, correct? I mean, this is not anything the trial court had before him when he initially dismissed the complaint. Am I correct on that? No, Your Honor. The affidavit that was submitted at the time of the motion for reconsideration I'm saying until the motion to reconsideration, he did not have this information. At the time, he originally did. He did? He did. And in the motion for reconsideration, I specifically set forth that the factual information contained in the affidavit was presented at the time of the original motion in open court. I see. You already told him. I did. I did. At that time, you claimed that some office manager was responsible for getting his materials to your professional for his affidavit. And if someone screwed up, it didn't get there. And you needed 45 more days, something like that. That's correct, Your Honor. Okay. Yes. So the trial court didn't buy that as true or found it inadequate or was prejudiced against you and didn't consider it? What's your claim? I can't answer what the judge was thinking at the time because he wasn't very clear on it except to say that the ship had sailed. And that was, of course, there is no transcript of proceedings, but I did set that forth in my motion for reconsideration, and that was not disputed in their response to the motion for reconsideration. So I explained to the court these were the circumstances. I had personally spoken to the expert, an internal medicine physician. I had discussed the case with him. I had told him that I was sending him all the pertinent records for his review. And that was sometime, I left the firm on September 30th of 2016, roughly 10 days to 2 weeks earlier. I had spoken to the expert. I'm sorry, I had actually spoken to him earlier than that, but it was about 10 days to 2 weeks before my termination that the office manager had told me the records were sent out. And I happened to actually see one of the clerks assembling the records, and so at that time I had no reason to think that the records had not been sent out to the expert. And so after I was terminated and then some time went by where I was no longer involved in the case, I wound up substituting in for the plaintiff on or about November 4th. And at that time, I think that Drs. Kobo and Rush Oak Park Physicians Group, they may have filed their appearance, but I had a conversation with Mr. Schneiderman, and I told him that I had recently substituted for the plaintiff. And that we actually discussed the 622 report at that time, and the fact that one had not yet been filed. I told him the records were out for review, and that I anticipated that I would have the report shortly, but that I might need additional time to get the report. After he and I spoke, I then, within a few days, spoke to our expert, and I learned for the first time at that time that he never received the records. He recalled our conversation and that what we had discussed, that he never received the records. So I was totally taken by surprise. I had no idea. I don't know what happened with the records, whether they were sent to the wrong address or whether they were never sent at all. I can't answer that. But I can answer to Your Honor's question. When we did appear before Judge Ehrlich on November 29th, I did tell him, not the exact language that I'm using right here, but I explained the circumstances and that I needed additional time to file a 622 report. The defendant, basically the day after the report was due, filed a motion to dismiss, citing no case authority whatsoever and suggesting that somehow the statute of limitations had been violated because I hadn't filed a 622 report within the 90-day automatic extension. I submit that that's absolutely not true. Is there anything, and the chronology, and you're being very clear on the chronology, but just to be clear, is there anything that precludes you within that initial 90 days from filing a motion for extension before that 90 days break? In retrospect, Your Honor, I should have. I should have filed it, you know, before the 90 days ran. I've been doing this kind of work for many years. And, frankly, I think that the Court is probably aware that it's a common occurrence that plaintiffs sometimes need an extension of time to file a 622 report. I've never had one denied before. And so I … But better form, perhaps, to ask for it before the 90 days run. I should have. I should have. But I filed it on the date of the hearing. I made the argument. The Court was well aware of the circumstances. And I thought that under those circumstances I had shown good cause why the plaintiff should be allowed additional time to try to secure a 622 report. The Court didn't agree with my argument and summarily dismissed the case with prejudice. And at that point, I now had to get the records again to send out to the expert, which I did. And I was able to secure a report from the expert. I think it was a quite detailed report. He certainly had the – his area of specialty was the same as Dr. Cobo. And I thought that the 2-62 report set forth in detail the information that was available to him and the basis of his opinion that there was a meritorious basis for pursuing the action against Dr. Cobo and Rush Oak Park Physicians Group. The – I then filed a motion for reconsideration. And attaching my affidavit that I had consulted with a qualified health care provider, attached a copy of the report, as well as my affidavit regarding the – what had transpired previously on November 29th. And the Court, again, did not agree and denied the motion for reconsideration. It's my position here that, you know, given the purpose of 622 to prevent the filing of frivolous lawsuits and that the plaintiff should be liberally construed and not mechanically applied and that the plaintiff should be given every reasonable opportunity to make his case, that it's my position that the Court abused his discretion on November 29th because it was reasonable under the circumstances that I needed additional time. I wasn't asking for an unreasonable amount of time. And under the circumstances, I think any reasonable person would have allowed additional time to file, you know, this 2-62 report. And to the extent – and I don't know because the Court didn't say whether he was dismissing the case because he felt that the statute of limitations had been blown somehow. But if that were the case, that's certainly not the law. And that would be an abuse of discretion as well. When I then filed a motion for reconsideration, now presenting the Court with evidence that I now knew evidence that I had a – that the plaintiff had a viable meritorious medical negligence case, at that point in time, given the fact that the whole purpose of 622 is to prevent frivolous lawsuits, now I can show the Court that this is not a frivolous lawsuit, then I believe that the Court should have taken notice of that. And if he felt for whatever reason that I hadn't shown good cause the first time around, certainly I've now shown that there's a meritorious basis for filing the case. And I believe the Court abused his discretion in not granting my motion for reconsideration. And particularly since on the very day that he denied my motion for reconsideration, he allowed me a second extension of time to file a 622 report as to other defendants. So he allowed an extension as to other defendants and then allowed a second extension at the same time he's denying my motion for reconsideration. It's my position that that shows that his rulings were arbitrary and capricious and not reasonable. And so that's a – Did he also do that later on, several months later? Extended a couple of times? As to those – Some other doctors? Well, yes. You didn't have one report that you extended. You had multiple reports that you extended multiple times. That's correct, Your Honor. And this is the only one that he dismissed after 90 days. That's correct, Your Honor. And so what happened was I had added an additional defendants, the two doctors, Patel and Dr. Hampsteady and their group. I asked for an extension of time. I think on January 9th of 2017, the Court allowed an extension of time to file the report as to those physicians and group. And then, again, on February 10th, 2017, when he denied the motion for reconsideration, he then granted a second extension of time as to those defendants. Ultimately, you know, I wasn't able to secure a report and those defendants were dismissed. But I believe that under the circumstances here, you know, the trial court abused his discretion. And I'm not, you know, you probably read the wrong part of it, wrong transcript that I did present. But the Court acknowledged that he very well may have been wrong in his ruling. And so for all of the reasons. Am I right that some of those extensions that were granted for other doctors were also granted after the time had run? They were requested after the time had run? Is that correct or no? I thought that you said that. You know, I don't remember at this point. I do know that, you know, the second time when I asked for a second extension, it was over the objection of the defendant and he still granted it. So I feel that the plaintiff should have been afforded that same consideration earlier with regard to Drs. Cobo and Rush Oak Park Physicians Group. Are the claims against the other doctors, have they concluded? Case tried? Yes. Most of those have been, well, as to one, as to the original, I'm sorry, as to one nursing home, that claim was settled as to post-acute care. That claim was settled. So what is pending right now is the claim against Berkshire Nursing Rehabilitation Center arising out of the same period of time as the claims against Drs. Cobo and Rush Oak Park. That would be from the period of August 5th of 2014 through August 25th of 2014. Is there a stay? There is a stay. There is a stay. Thank you. Thank you, Your Honor. Thank you. May it please the Court. Counsel. No abuse of discretion was committed by Judge Ehrlich when he granted the motion to dismiss on November 29th, 2016, when he denied the motion for extension of time that same day, and when he denied the motion for reconsideration. Before I get into the heart of my argument, I want to address some of the comments and questions that were raised by the panel as to my opponent. First, with regard to the other defendants, the timeline is important here, number one. The plaintiff moved for an extension of time of the 90 days to file a 2622 attorney affidavit and report as to the other defendants, Hamm, Cicutti, Patels, Midtown, on the 90th day. So that motion for reconsideration, motion for extension of time, was timely filed within the 90 days. Is there any black letter law or even any case that says you have to make the request within the 90 days in order for the request to be granted? I cannot cite you, one, for that exact proposition. What I would cite you to is the Wasilewski case, which also cites the Batten v. Retz case, which is a third district case, and the Batten case of interest. The report was two days late, and the complaint was dismissed, and that was affirmed on appeal. We have some rules that say you must make a request within the timeframe for that request to be granted, and 622 doesn't have that language in it that says, that I'm just. But that's true. It does not have that exact language. I'm just pointing out to you how the two circumstances here within the same case are different as to Walsh v. Dr. Cobo v. Hamsecutty v. Patels in Midtown. Also, with regard to Hamsecutty v. Patels in Midtown, their request for an extension of time or the plaintiff's request for an extension of time was pursuant to 2-622A3 for the lack of documentation. So that's a different circumstance as well. Under 2-622A3, by statute, you're entitled to additional time until you receive the required documents from the defendant. So, again, a completely different scenario. This Court is being asked to review for an abuse of discretion Judge Ehrlich's decisions below. However, this Court is put in a very difficult position because there are no reports of proceedings for the November 29, 2016 hearing or the February 2017 hearing on the motion for reconsideration. In addition, the orders that were entered are not explanatory orders. So it is virtually impossible, I would submit to this Court, to perform its mandate, to perform an abuse of discretion review without being able to determine exactly what Judge Ehrlich was thinking, what his reasoning was for between the orders that he did. Well, what if a judge rules and gives no reason? Well, if we have a motion and the judge says, deny it or grant it or whatever, and that's all he or she says, you're left without a remedy? I think that if that was what a party was presented with, the party would need to go back to court and get the circuit judge to put his reasons on the record. That doesn't happen. I mean, it doesn't. It would be a difficult situation, certainly. But here, there was a hearing, and this Court should have had that report of proceedings before it. Now, plaintiff has tried to flesh out what happened during that hearing, and I would have to object to that argument because it's not part of the record on appeal, and it should be. I think if we look to what happened and what the submissions were for the motion to dismiss, Rush came forward with this motion to dismiss after the 90 days had passed. The plaintiff didn't supply any response to that motion to dismiss, so arguably the plaintiff has not preserved any issues in opposition to the motion to dismiss. What the plaintiff did was come forward with a motion for extension of time, raising two issues. One, administrative error and lack of prejudice. Now, the Illinois Supreme Court has told us that lack of prejudice in and of itself is not a showing of good cause under Rule 183. In addition, although the trial court could consider administrative mistake or error, there was no precedent saying that that is a per se good cause. So Judge Eric was presented with a situation where he needed to exercise his discretion, which he did, and he decided that the explanation given was not good cause. Supreme Court judges. I agree with your point that, you know, we don't have a record of his reasoning, but we do have your motion, and there's really no question that the reason that this claim was dismissed was the failure to have the necessary affidavit on the 91st day after the complaint was filed, right? I mean, there's really no dispute. That's what you asked for, and that's what you got. We asked for dismissal for the failure to comply with 2-622. Right. So there's really no mystery. Part of that was the need for a valid attorney affidavit and for an adequate report. And to date, the court still, this court, the circuit court, doesn't have a valid attorney affidavit or an adequate 622 report. That brings me to the question presented to the Court on the motion. It's a valid affidavit, but that doesn't mean that there are no judges who are going to be able to make a decision. Well, that would be in whose opinion? Certainly in our opinion. But no judges ruled it? There's no ruling. There's no explanation before this Court as to whether Judge Eric found the attorney affidavit valid. But not the ruling to do that? Sir, this Court can certainly look at that affidavit and come to its own conclusions as to whether or not that affidavit is valid. And I submit that it is not, according to the Tucker case. It is not notarized. It is not dated. So it's not properly given under oath, and it does not comply with Section 1-109 of the Code. So that's an invalid affidavit. The Tucker case says so. In addition, that affidavit doesn't comply with 2-622's requirements in three ways. It has to indicate that the health professional that reviewed the case has practiced or taught in the same health area for the last six years. Two, it fails to state that the health care professional is qualified, had experience, or demonstrated competence. And three, the affidavit does not state that the affiant determined that there exists a reasonable and notorious basis in the action. In your practice in the Circuit Court of Cook County, if you had brought that specific motion to the trial court, saying that the affidavits are inadequate, I would take it that, in your experience, if the court agreed with you, they would give the plaintiff an opportunity to amend the affidavit or the report to comply with the deficiencies that were pointed out. In certain circumstances, maybe. In other circumstances, no. And I think in this is the circumstance. And in no circumstance, yes? All right. We'll go back. In certain circumstances, yes. Others, no. I would suggest this is the no category, because the attorney affidavit was supplied as part of the motion for reconsideration. And under the whole offer case, there wasn't an explanation given as to why it wasn't available before the expiration of the 90 days or at the motion to dismiss hearing. So it doesn't qualify as new evidence under the motion for reconsideration standard. But these are all things that really should be addressed by the trial court. Well, and I suggest to this court that the trial court did address them. We don't know. We know from the February order that the court did exercise its discretion, and it exercised its discretion in favor of Russian Dr. Kerber. Right. There are other cases that have been cited by the plaintiffs, including the Stolten case. The Stolten case is different from this one in that that is a case where the circuit court did not exercise its discretion and thought that its ruling was required by the statute. In this case, we do know that Judge Erlich exercised his discretion by the very language of the February 2017 order. Can you address, at least briefly, the plaintiff's larger point that, you know, the purpose of 622 is to screen criminal assaults and that the statute is supposed to be liberally construed in favor of allowing meritorious lawsuits? Yeah. The focus of 2-622 is to weed out frivolous lawsuits. And I would submit to you on behalf of Russian Dr. Kerber that this is a frivolous lawsuit. And we know that because, to date, the attorney for the plaintiff has still not come forward with a valid affidavit or a substantial report that meets the 2-622 requirements. This is the moment that he did, just like, let's just assume this is a completely meritorious report. Then what? I mean, the judge dismissed the suit before he'd seen any report. So let's assume it was the best report ever. Correct. Then we have to go to what happened on the motion for reconsideration. Was that report, an attorney affidavit, new evidence? Under Holwacker, it was not new evidence because there was no explanation given for the plaintiff as to why that evidence was not available within the 90 days. No reasonable explanation in the eyes of Judge Ehrlich. I think I've addressed the questions that arose to my opponent. So I will end by simply asking you to affirm, Judge Ehrlich, as he reasonably exercised his discretion below and dismissed the case as to Russian Dr. Kerber. Thank you. Mr. Brunsford. I believe that the attorney's affidavit was appropriate. I know that the criticism offered by the defense was that it wasn't dated and it wasn't notarized. I cited case authority. The Robledo case under Supreme Court Rule 191, the affidavit does not need to be dated or notarized. And I believe that for the reasons I've already stated, contained more than sufficient detail to outline a meritorious basis for pursuing the action against the defendants. The only thing I'd like to comment on is counsel cited the Holwacker case as somehow being controlling. The Holwacker case had facts that were far, far different than this case. The Holwacker case involved a situation where the plaintiff was granted multiple extensions of time to file a 622 report, not like in this case, but multiple extensions of time. And it wasn't until about a year and a half after the first extension of time that a report of some sort was tendered. So it's a much different case than what we have here. So those are the only comments I wanted to make. Thank you. Thank you. We will take this matter under advisement. Thank you very much for your efforts. It was nice having the briefs. Thank you.